Filed 10/2/24  Account Management Services v. Melahoures CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ACCOUNT MANAGEMENT SERVICES, INC., | |
| Plaintiff and Respondent, | G063315 |
| v. | (Super. Ct. No. 30-2022-01266072) |
| KONSTANTINOS U. MELAHOURES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Donald F. Gaffney, Judge. Affirmed.

Loveless Law Firm and Andrea Scurry Loveless for Defendant and Appellant.

Law Office of Gary A. Bemis OC and Gary A. Bemis for Plaintiff and Respondent.

\*          \*          \*

Defendant Kostantinos U. Melahoures (Melahoures) appeals from a postjudgment order denying his motion to set aside a default and default judgment entered against him in favor of plaintiff Account Management Services, Inc.[1] He argues the trial court abused its discretion by denying his motion because he did not receive actual notice of the lawsuit in time to defend. He also contends the court made various incorrect findings in denying his motion. We disagree with Melahoures' contentions and affirm.

STATEMENT OF FACTS

I.

THE COMPLAINT AND SERVICE OF PROCESS

In June 2022, plaintiff filed a form complaint against Melahoures and Southland asserting causes of action for common counts. Among other things, the complaint alleged both defendants owed money to plaintiff "for work, labor, services and materials rendered at the . . . request of defendant[s] and for which defendant[s] promised to pay." According to the complaint, "the claim(s) sued on was duly assigned, transferred and set over to plaintiff . . . by Pacific Medical Laboratory, Inc., and plaintiff is now the owner and holder thereof."

---

[1] The trial court denied the motion to set aside the default and default judgment as to both Melahoures and his company, defendant Southland Family Urgent Care, Inc. (Southland). But the opening brief indicates the only issue on appeal is whether the court erred by refusing to set aside the default judgment against Melahoures. The notice of appeal also appears to have been filed only by Melahoures. We accordingly refer to Melahoures as the appellant even though the opening brief refers to both Melahoures and Southland as appellants.

2

On July 8, 2022, a registered process server served the summons and complaint by substituted service. According to the proofs of service, the process server left the summons and complaint with "Maribelle R. – Administrative Assistant – Person Authorized to Accept" at Southland's business address in Mission Viejo. The process server also mailed copies of the documents to the same business address, and his declaration of diligence stated he unsuccessfully attempted to personally serve Melahoures and Southland on two prior occasions at the same address.

II.

DEFAULT AND DEFAULT JUDGMENT

Plaintiff requested entry of default in September 2022 and mailed the request to Melahoures and Southland at Southland's business address. On the same day, plaintiff filed the proofs of service. Melahoures and Southland's defaults were entered as requested on September 30, 2022.[2]

In November 2022, plaintiff filed a request for entry of default judgment and mailed a copy of the request to Southland's business address. The court entered a default judgment against Melahoures and Southland on

---

[2] It is not clear from the record if plaintiff's counsel notified Melahoures' counsel of his intent to take a default before filing the request with the trial court. (*Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 135-140 [holding an attorney is obligated to inform opposing counsel of an impending default and to provide opposing counsel with a reasonable opportunity to file a responsive pleading]; *Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 213 (*Shapell*) [same].) Melahoures has not provided any records suggesting this issue was argued before the trial court, and neither party raises the issue on appeal. We accordingly need not address the issue. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591 ["'[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court'"].)

November 16, 2022. On the same day, Melahoures and Southland attempted to file an answer to the complaint, but the court rejected the filing because it had entered the defaults over a month prior.

III.

MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

In June 2023, Melahoures and Southland brought a motion under Code of Civil Procedure section 473.5[3] to set aside the default and default judgment. They argued they did not receive actual notice of the action. Although the proofs of service indicated the process server mailed a copy of the summons and complaint to Southland's business address, they claimed they never received the documents. Instead, they asserted they first learned about the action in May 2023 when they received a notice of levy.

Melahoures and Southland also argued substitute service was improper under section 415.20. They claimed Southland's administrative assistant was not authorized to accept service on Melahoures' behalf. They further suggested plaintiff should have attempted personal service at Melahoures' home address rather than his business address.

In opposition, plaintiff argued Melahoures and Southland were properly served with the summons and complaint and had notice of the action in time to defend. In support of its opposition, plaintiff submitted the declaration of its president. According to plaintiff's president, Melahoures called *plaintiff's counsel* on July 20, 2022, around two weeks *after* service of the summons and complaint. The call was forwarded to plaintiff's president who spoke to Melahoures. During their phone call, Melahoures requested a 10-day extension to file an answer to the complaint. Plaintiff's president

[3] All further statutory references are to the Code of Civil Procedure.

4

stated: "The extension was granted," and "the new date for [d]efendants to answer the complaint was August 30, 2022." Plaintiff's president also stated Melahoures called a second time on August 9, 2022 and spoke to him and an employee of the third party that had assigned its claims to plaintiff. The parties discussed the accounts for collection but were not able to reach any resolution. Plaintiff's president subsequently called Melahoures on August 29, 2022 and August 30, 2022, but did not receive a response.

In reply, Melahoures and Southland relied on section 473, subdivision (b) and argued they had shown "mistake, inadvertence and excusable neglect in failing to timely respond to the complaint, and [in] their delay in moving to seek relief." They suggested plaintiff "took advantage of [defendants'] misunderstanding regarding the impending settlement of [the] dispute." They also attached a copy of their proposed answer to the complaint.

## IV.

### THE COURT'S ORDER

In September 2023, the court denied the motion to set aside the default and default judgment. First, the court held Melahoures was properly served via substituted service. Relying on section 415.20, subdivision (b), the court explained a plaintiff may use substitute service if after exercising reasonable diligence, the defendant could not be personally served. The court emphasized the process server attempted to personally serve Melahoures at Southland's business address on two prior occasions. The court concluded these attempts qualified as "'reasonable diligence.'" The court also rejected the assertion that Southland's administrative assistant was not authorized to accept service on Melahoures' behalf because Melahoures did "not dispute that the receptionist was a person 'apparently in charge of his or her office

5

10-2-24[or] place of business.'" The court further noted Melahoures and Southland did not argue substituted service on Southland was insufficient.

Second, the court did not find any basis to set aside the default or default judgment under section 473.5. According to the court, there was evidence Melahoures and Southland knew about the lawsuit in time to defend. The court noted Melahoures called plaintiff's counsel and spoke to plaintiff's president in July 2022 before defendants' defaults were entered. During that conversation, Melahoures requested and was granted an extension of time to file an answer to the complaint. The court further found the motion to set aside was untimely because it was not filed until June 2023—more than seven months after the default judgment was entered on November 16, 2022. Finally, the court held Melahoures and Southland did not comply with section 473.5, subdivision (b) because they did not file a proposed answer with their motion. Although Melahoures and Southland filed a proposed answer with their reply papers, the court found this did not comply with the statutory requirements.

Melahoures timely filed a notice of appeal in November 2023.

DISCUSSION

Melahoures argues the court erred by denying the motion to set aside the default and default judgment against him. He contends the court's various findings were erroneous and that he did not have actual notice of the action in time to defend. We disagree. It was reasonable for the court to find Melahoures had actual notice of the lawsuit. Any other purported findings articulated by the trial court to deny the motion are inconsequential because we uphold the decision of the trial court if it is correct on any ground. (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006.)

6

# I.

## APPLICABLE LAW AND STANDARD OF REVIEW

Pursuant to section 473.5, a party may file a motion to set aside a default or default judgment "[w]hen service of a summons has not resulted in actual notice to [the] party in time to defend the action." (§ 473.5, subd. (a).) The moving party "must show, by affidavit, that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect." (*Shapell,* 85 Cal.App.5th at p. 212.)

The notice of motion must be served within "the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered. (§ 473.5, subd. (a).) The moving party also must "serve and file with the notice a copy of the answer . . . or other pleading proposed to be filed in the action." (*Id.*, subd. (b).)

The court may set aside the default or default judgment "[u]pon a finding by the court that the motion was made within the period permitted by subdivision (a) and that [the party's] lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect . . . ." (§ 473.5, subd. (c).)

We review an order denying relief under section 473.5 for abuse of discretion. (*Shapell, supra,* 85 Cal.App.5th at p. 212.) "'"[T]he provisions of section 473 . . . are to be liberally construed and sound policy favors the determination of actions on their merits."'" (*Id.* at p. 212.) "An order denying relief is therefore scrutinized more carefully than an order granting relief and permitting trial on the merits." (*Id.* at p. 213.) Nevertheless, a motion to set aside a default or default judgment is addressed to the sound discretion of the trial court and will be overturned only if the court's ruling exceeds the bounds

7

of reason. (*Ibid.*) In reviewing for an abuse of discretion, we also determine whether the trial court's factual findings are supported by substantial evidence. (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230.)

## II.

### THE COURT DID NOT ERR

Here, we find no abuse of discretion in the trial court's denial of Melahoures' motion to set aside the default and default judgment. The motion was primarily based on Melahoures' lack of actual notice of the lawsuit. In a declaration in support of the motion, Melahoures stated: "A summons in this action has never been delivered to me from another person duly authorized by me to accept service on my behalf, nor to the best of my knowledge, has any person who is known to me accepted service on my behalf in this action, either personally or on behalf of my business, Southland . . . ." Plaintiff responded to the motion to set aside with declarations from the process server, which detailed attempts to personally serve Melahoures and the service of the summons and complaint on "Maribelle R. – Administrative Assistant – Person Authorized to Accept" at Southland's business address. Plaintiff also provided evidence that Melahoures called *plaintiff's counsel* 12 days after the process server had served the summons and complaint. The call was forwarded to plaintiff's president who spoke to Melahoures. During their conversation, Melahoures requested an extension to file an answer to the complaint, which he would not have been able to do if he was unaware of the claims against him or Southland. This conversation occurred more than two months before the defaults were entered.

8

Given the above facts, it was reasonable for the court to find Melahoures had actual notice of the lawsuit. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 548 [holding the defendants had actual notice of the lawsuit where they called the plaintiff's attorney a few weeks after service of the summons and complaint to discuss settling the case].) The court's finding is also consistent with its implied finding that Melahoures' declaration, which claimed he did not receive the summons and complaint, was not credible. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143 [an appellate court must accept the trial court's implied findings of fact supported by substantial evidence].) Credibility is an issue for the fact finder, and it is not our role to reweigh evidence or assess credibility. (*Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 162.)

Melahoures' opening brief focuses on some of the trial court's findings, which he claims were erroneous. First, he claims the court mistakenly found he did not dispute "the administrative assistant [who was served] was an individual 'apparently in charge' of the office." He appears to suggest substitute service was ineffective or improper. Section 415.20, subdivision (b) governs substitute service on individuals and provides: "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . *usual place of business* . . . in the presence of . . . *a person apparently in charge of his or her office*, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint

9

were left." (Italics added.) Melahoures' declaration generally denied receiving a summons from anyone authorized to accept service on his behalf. But he did not provide any evidence about "Maribelle R." and her role at his company or dispute she was "apparently in charge" of the office.

Second, Melahoures argues the court erred by finding his motion was untimely because it was filed more than seven months after entry of the default judgment. As noted *ante*, a motion to set aside is timely if it served and filed within *the earlier of*: (1) two years after entry of a default judgment, or (2) 180 days after service of a written notice that the default or default judgment has been entered. (§ 473.5, subd. (a).) Here, the motion was filed within two years of entry of the default judgment—it was entered on November 16, 2022, and the motion was filed on June 29, 2023. But it is not clear if the motion was filed within 180 days after service of a written notice of entry of the default or default judgment. The record does not indicate if or when Melahoures was served with written notice of entry of the default or default judgment. Assuming arguendo the motion was timely, contrary to the trial court's findings, there is still no basis to reverse. Melahoures' motion was premised on his lack of actual notice of the lawsuit, but there was evidence he had actual notice of the lawsuit.

Third, Melahoures claims the court erred by finding he had improperly attached a proposed answer to the reply brief as opposed to his moving papers. He insists this was an "egregious ground" to deny the motion because substantial compliance with the statute was sufficient. Once again, there is no need to reverse on this ground because there was evidence Melahoures had actual notice of the lawsuit in time to defend. We "uphold the decision of the trial court if it is correct on any ground." (*Grappo v. McMills*, *supra,* 11 Cal.App.5th at p. 1006.)

10

Fourth, assuming he had actual notice of the action, Melahoures argues he was not aware he, as opposed to Southland, was personally liable for the debt. He suggests "[t]his can be seen from the fact that Melahoures immediately responded when [plaintiff] placed a levy." He concludes he could have assumed he was named in the lawsuit as Southland's officer rather than in his individual capacity. The evidence contradicts this argument. Although Melahoures claims to have first learned about the action in May 2023 when he received a notice of levy, he attempted to file an answer to the complaint several months before the notice of levy on November 16, 2022. The answer was on behalf of both Melahoures, individually, and Southland.

Finally, Melahoures generally argues the court did not consider his "argument that there was a misunderstanding on the part of one or both [defendants] 'regarding the impending settlement of this dispute.'" But Melahoures did not provide any details to the trial court about the alleged "misunderstanding" or settlement discussions. The court accordingly had no basis to find "excusable neglect" on this ground.

## DISPOSITION

The postjudgment order is affirmed. Plaintiff shall recover its costs incurred on appeal.


                                    SANCHEZ, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.